FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 16 P 5: 25

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELONZA LEE COLLINS,

    Plaintiff,

vs.

Ms. HENRY, Mail Clerk; Ms. W. WYCHE, Mail Clerk, and Ms. DANSBEY, Mail Clerk,

    Defendants.

CIVIL ACTION NO.: CV605-147

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. Defendants Henry, Wyche, and Dansbey ("Defendants") filed a Motion to Dismiss, and Plaintiff responded. By Order dated September 28, 2006, the undersigned notified the parties that Defendants' Motion to Dismiss was being converted into a Motion for Summary Judgment and allowed the parties ten (10) days to file any additional desired documents. Defendants filed a Statement of Material Facts. For the following reasons, Defendants Motion should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff asserts that mailroom officials at Rogers State Prison opened his legal mail outside of his presence. Plaintiff contends that he received a letter from Defendant Wyche stating that mail sent by his lawyer had been returned to his lawyer because it contained contraband. Plaintiff contends that this piece of mail had been opened outside of his presence. Plaintiff alleges that approximately one month later, he received legal mail that had been opened, but someone resealed it by taping it shut. Plaintiff contends that he was told that either Defendants Henry or Dansbey opened this piece of mail outside of his presence.

Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to filing the instant cause of action. In the alternative, Defendants allege that Plaintiff does not allege that he suffered a physical injury.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury

2

or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants contend that Plaintiff filed two (2) grievances related to the issues he raised in the instant cause of action. Defendants assert that Plaintiff filed Grievance Number 0533-05-0033 on September 28, 2005, and he was notified on February 17, 2006, that this grievance was denied. Defendants also assert that Plaintiff filed Grievance Number 0533-05-0026 on November 17, 2005, and was notified on February 17, 2006, that this grievance was denied. Defendants further assert that Plaintiff filed appeals on the denial of these grievances on February 20, 2006, and his appeals were denied on April 28,

3

AO 72A
(Rev. 8/82)

2006. Defendants allege that Plaintiff filed his Complaint on December 21, 2005, and, because he did not receive responses to his appeals until April 2006, it is "clear" that Plaintiff did not exhaust his administrative remedies prior to filing his Complaint in this Court. (Doc. No. 13, p. 5.)

Plaintiff avers that his Complaint should not be dismissed due to his failure to exhaust his administrative remedies. Plaintiff contends that the counselors did not answer his grievances in a timely fashion and he had no choice but to file a Complaint.

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

4

Within thirty (30) days of an inmate filing a formal grievance and the Grievance Coordinator submitting his recommendation for disposition of the grievance to the Warden, the inmate should receive a response from the Warden or a request for a ten (10) day extension. Standard Operating Procedure IIB05-0001, § VI(C), ¶ 14. However, "[i]f at any time the time limit for response from the Warden/Superintendent is exceeded and there has been no notice of an extension from the Grievance Coordinator, the inmate may appeal the grievance to the Office of the Commissioner." Standard Operating Procedure IIB05-0001, § IV, ¶ 12.

The evidence before the Court reveals that Plaintiff filed Grievance Number 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 on September 28, 2005, and received a response on February 17, 2006. (Defs.' Ex. C, p. 5.) Plaintiff filed Grievance Number 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 on November 17, 2005, and received a response on February 17, 2006. (Defs.' Ex. D, p. 4.) Plaintiff filed his Complaint on December 21, 2005. Plaintiff did not receive responses from the Warden within the allotted time frame, and there is no evidence that an extension of time to respond was requested on either grievance. Nevertheless, Plaintiff did not file an appeal with the Office of the Commissioner prior to filing the instant cause of action. This was an administrative remedy available to Plaintiff, and he did not pursue it. Plaintiff, therefore, did not exhaust his available administrative remedies prior to filing his Complaint.

It is unnecessary to address the remaining ground set forth in Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion filed by Defendants (Doc. No. 12) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)